CRAWFORD v. THOS. GOGGAN & BROS. (No. 8326.)

(Court of Civil Appeals of Texas. Dallas. Jan. 24, 1920.)

1. TRIAL ⊚⟴194(1), 252(1)—SUBMISSION OF AN ISSUE NOT RAISED BY EVIDENCE REVERSIBLE ERROR.

It is error to submit an issue to the jury in reference to which there is no evidence, or to withdraw an issue from the jury raised by the evidence, if in the first case the jury were probably misled, or if the issue withdrawn was material.

2. ADVERSE POSSESSION ⊚⟴100(1) — POSSESSION UNDER DEED EXTENDS BY CONSTRUCTION TO LIMITS DESCRIBED.

Under the 10-year statute possession of a part of a tract of land under a deed extends by construction to the limits described in the conveyance.

3. TRIAL ⊚⟴252(5)—SUBMISSION OF QUESTION OF POSSESSION UNDER WRITTEN MEMORANDUM NOT SHOWN BY EVIDENCE REVERSIBLE ERROR.

Where defendant, who relied on the 10-year statute of limitations, did not hold under any memorandum of title other than deed, and by reason of his deed sought to extend his possession of part of the parcel to the entire tract described, the submission of the issue of holding under memorandum of title other than a deed, which was in no wise raised by the evidence, was improper.

4. TRIAL ⊚⟴252(5) — SUBMISSION OF ISSUES NOT RAISED BY EVIDENCE IMPROPER.

In trespass to try title, the action of the court in submitting an issue under the 10-year statute was improper, where the evidence raised no such issue.

Appeal from District Court, Van Zandt County; Joel R. Bond, Judge.

Trespass to try title by Thomas Goggan & Bros. against Nat M. Crawford. From a judgment for plaintiffs, defendant appeals. Reversed and remanded.

Simpson, Lasseter & Gentry, of Tyler, and Wynne, Wynne & Gilmore, of Wills Point, for appellant.

West & West, of Grand Saline, and Stubbs & Stubbs, of Galveston, for appellees.

RASBURY, J. Appellee sued appellant in statutory trespass to try title to recover 100 acres of land, part of the Isham Farris survey, in Van Zandt county. Appellant answered by plea of not guilty, limitations of five and ten years, and improvements made in good faith. The record title to the land was in appellee, but upon the evidence adduced the court as to approximately 32 acres of the land submitted to the jury appellant's right to recover under the 10-year statute of limitation, and as to approximately 68 acres thereof submitted to the jury appellant's right to recover under the 5-year statute of limitation, and also the good faith of appellant in making certain permanent improvements on the land; such issues being referred to the jury for special verdict in form of appropriate interrogatories. The jury found each issue against appellant. Judgment followed the verdict.

[1-3] By appropriate assignments of error the contention is made that the honorable trial court's charge submitting the issue of title by limitation under the 10-year statute is materially erroneous in two particulars. In submitting the issues under the 10-year

---

⊚⟴For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

statute, the court, after defining the statutory language, "peaceable and adverse possession," asked the jury if, under the evidence, appellant and those under whom he claimed, jointly or severally, had had peaceable and adverse possession of the land, cultivating, using, or enjoying same, and continuous possession thereof for a period of 10 years next preceding the commencement of the suit. The court also told the jury that in answering the question they were to understand that, when "possession is taken and held under some written memoranda of title, other than a deed which fixes the boundaries of the possessor's claim and is duly registered, such peaceable possession shall be construed to be coextensive with the boundaries specified in such instrument. The quoted portion of the charge is asserted to be both erroneous and misleading. In connection with such contention, it is disclosed by the record not only that appellant claimed peaceable and adverse possession of the land, but that he and those under whom he claimed asserted title thereto under deeds dating from 1908, which fixed the boundaries of the land. No claim was asserted to the land "under some written memorandum of title." The claim in that respect was alone under the deeds.

· Literally regarded, the charge in substance told the jury that, if appellant had had the peaceable and adverse possession required and claimed under some written memorandum of title, he could recover the land specified in such written memorandum. The effect of it was to withdraw the deeds from consideration of the jury, and leave the case bare of whatever effect they may have had upon the issues in the case, and to submit, as determinative of the boundaries of the land that might be recovered, a written memorandum neither alleged nor proven, and hence not an issue in the case. That it is reversible error for the court to submit an issue to the jury in reference to which there is no evidence, or to withdraw an issue from the jury raised by the evidence, if in the one case the unwarranted submission probably misled the jury, or if in the other the issue withdrawn was a material one, is too well settled to require the citation of authorities. By that rule we have reached the conclusion that the court's charge probably misled the jury, for the reason that appellant's possession of all the land claimed, as shown by some of the evidence, was not actual. That fact, however, could not prevent recovery to the extent of the boundaries specified in his deeds, since under the 10-year statute "possession of a part of a tract of land under a deed extends by construction to the limits described in the conveyance." Porter v. Miller, 76 Tex. 593, 13 S. W. 555, 14 S. W. 334; Chapman v. Weaver, 178 S. W. 660. Yet the charge is that recovery could so be had if the claim was under some memorandum other than a deed.

We are conscious of the fact that the charge of the court is the substantial language of the statute, but under the facts developed in this case any reference to that part which permits recovery under some memorandum of title was misleading, because the claim was under deeds, which alone in this case should have determined the boundaries of appellant's claim, and of which the jury should have been appropriately informed. The evidence, as we have indicated at another point, tended to show that only a small portion of the land described in appellant's deeds was actually occupied, though appellant claimed and was entitled to recover to the extent of the boundaries of his deed, which covered the land in controversy, if the jury believed that appellant had had peaceable and adverse possession of that portion actually occupied for the required term of years. To say that the omission to charge that the boundaries specified in the deeds controlled as to the extent of recovery, and in lieu thereof to charge that the extent of the recovery was to be controlled by some memorandum, not alleged or proven, was without influence on the jury, would be for us to assume that the jury disregarded the charge. While it is always difficult to approximate the effect of charges upon juries, at the same time it occurs to us that the effect must in every case be determined by applying the ordinary meaning to the language used in the charge and its probable effect upon the issues submitted. That being true, we feel that we cannot escape the conclusion that the jury was probably misled by the honorable trial court's charge in the case at bar.

[4] The court also, in submitting the issues under the 10-year statute, told the jury in substantially the language of article 5677, Vernon's Sayles' Tex. Civ. Stats., that if the land sued for by appellee was surrounded by lands claimed or fenced by appellant that fact would not constitute fencing, nor constitute peaceable and adverse possession. The evidence does not show that the land in controversy was surrounded by other lands owned, claimed, or fenced by appellant, nor was such an issue made in the case. As a consequence, it was improper to submit that issue. The materiality of such error it is unnecessary to discuss, since the case must be reversed on the grounds first considered. It is not out of place, however, to say that it is at least confusing, and probably misleading, at all times to submit to the jury issues and rules of law governing them, when they form no part of the controversy.

A part of the land sought to be recovered by appellant was claimed under the 5-year statute of limitation and that issue, was, as we have previously stated, submitted to the jury as to the land so claimed. The jury found against appellant's contention. That finding is here asserted to be without support in the evidence. · We have examined the

evidence and conclude that the issue was properly submitted to the jury as being one of fact. Since the case is to be tried again, we omit, for obvious reasons, any comment upon the evidence in support of the conclusions we have reached, or the weight or significance to be given any fact or circumstance adduced at trial.

For the reasons indicated, it becomes our duty to reverse and remand the case for another trial consistent with the views here expressed.

Reversed and remanded.